GEORGE S. BENNETT, DEFENDANT IN ERROR, v. MILL-
VILLE    IMPROVEMENT    COMPANY,    PLAINTIFF    IN
ERROR.

Submitted December 10, 1901—Decided March 3, 1902.

1. When a defendant corporation, in an action upon contract, files
a plea, verified by the president, of the general issue and payment
with a notice of set-off, under which it claims recovery from the
plaintiff, this admits the corporate existence of the defendant and
that existence is not in issue in the case. In such case the plaintiff
is not required to prove such corporate existence prior to proving
the making of the contract sued on.
2. A corporation is bound by the acts of its president within the
apparent scope of his authority which it authorizes, acquiesces in
or accepts the benefit of.
3. A paper-writing in form of a contract of employment, but un-
executed, submitted by the president of a corporation to one pro-
posed to be employed by the corporation, is competent evidence
upon the question of the terms of an employment afterwards orally
consummated. The payment to an employe of a corporation, as
compensation for services, of a percentage of the profits of the
business is no more than wages or salary of an employe and not
a division of the "accumulated profits" to which stockholders are
entitled under section 47 of the Corporation act, but an expense
of the business which must be deducted from receipts before the
"accumulated profits" can be ascertained.

On error to the Supreme Court.

For the plaintiff in error, *Walter H. Bacon.*

For the defendant in error, *John W. Wescott.*

The opinion of the court was delivered by

GARRETSON, J.   This was an action brought by the plaintiff
to recover from the defendant $6,176.64.  The jury rendered
a verdict for $3,834.66.  The plaintiff claims that he was em-
ployed by the president of the defendant corporation to con-
struct a glass works, and, after its construction, to manage its
operations.

To the plaintiff's declaration the defendant pleaded the general issue and payment and annexed a notice of recoupment and set-off, the recoupment being to recover damages from the plaintiff for an alleged breach of contract to purchase the works when completed and the set-off stating an account of moneys due to the plaintiff for some of the services mentioned in the bill of particulars annexed to the declaration and payments made to him on account thereof.

The affidavit to the plea was sworn to by one Edward R. Wood, the president of the defendant corporation.

The defendant objected to the introduction of evidence by the plaintiff that Wood had acted as its president, and to conversations and negotiations with him as to the services for which suit was brought, until the plaintiff had proved the incorporation of the defendant and authority of the president to act in the matter.

The admission of such testimony is assigned as error.

The existence of the corporation was not an issue in the cause. That had been admitted by the plea and notice of recoupment and set-off, and it was competent for the plaintiff to prove that he who had been admitted to be president had acted as such in his negotiations with him, and to give evidence as to conversations with him, when so acting, going to establish his case and to prove any circumstances that would show that the company authorized, by acquiescence or by accepting the fruits of the contract, or in any other way, the acts of its president.

It could not be claimed, in an action by an individual against a natural person of full age, that, before proving the contract entered into, it was necessary to prove that the defendant was competent to enter into the contract, as, for instance, being of age; to make infancy a defence, the defendant would have to prove it.

In *United States Bank* v. *Dandridge,* 12 *Wheat.* 64, Judge Story says: "Persons acting publicly as officers of the corporation are to be presumed rightfully in office; acts done by the corporation, which presupposes the existence of other acts to make them legally operative, are presumptive proofs

of the latter. Grants and proceedings beneficial to the corporation are presumed to be accepted, and slight acts on their part, which can be reasonably accounted for only on the supposition of such acceptance, are admitted as presumptions of the fact. If officers of the corporation openly exercise a power which presupposes a delegated authority for the purpose, and other corporate acts show that the corporation must have contemplated the legal existence of such authority, the acts of such officers will be deemed rightful and the delegated authority will be presumed."

It is laid down in 2 *Cook Corp.*, § 716: "In all cases the president binds the corporation by his acts and contracts when he is expressly authorized to so act or contract, or when he has been permitted by the corporation, for some time, to act and contract for it. Thus, when the president had been accustomed to act and contract for the company without express authority, and his acts had always been accepted, his order to a contractor to stop work binds the company. So, also, the company is bound when it ratifies or accepts the contract after it is made, or accepts the benefit of the contract. Having knowingly received the benefit of the contract made and carried out by the president, even without authority, the corporation must perform its part." *Fitzgerald, &c., Co.* v. *Fitzgerald,* 137 *U. S.* 98; *McComb* v. *Barcelona Association,* 134 *N. Y.* 598; *Fifth National Bank* v. *Navassa Co.,* 119 *Id.* 256; *Martin* v. *Niagara Co.,* 122 *Id.* 165; *Olcott* v. *Tioga Railroad Co.,* 27 *Id.* 546.

In New York the rule is that a contract which apparently is a corporate contract, being duly signed by the president, is presumed to be a corporate contract, until the want of authority of the president is shown by the corporation. 2 *Cook Corp.,* § 716.

Where a contract, made in the name of a corporation by its president, is one that the corporation has power to authorize its president to make, or to ratify after it has been made, the burden is upon the corporation of showing that it was not authorized or ratified. *Patterson* v. *Robinson,* 116 *N. Y.* 193.

The evidence objected to, and for the admission of which

error was assigned, was competent as tending to prove that the contract in suit had been entered into by the president of the company, and that the company had acquiesced in and benefited by it and was liable upon it.

The plaintiff also offered in evidence an unexecuted written agreement between the defendant and the plaintiff, which he testified was submitted to him by the president, and was in the handwriting of the president of the company, who told him that he had made it up and sent it, and that he (the plaintiff) could proceed under the terms therein stated, and the plaintiff testifies that he did so proceed. This agreement set forth the employment of the plaintiff as manager of the defendant, defined his duties, and fixed his compensation at $2,500 a year and, in addition, one-sixth of the clear net profits of the business. This paper was admitted by the judge as if the witness testified to a verbal proposition. It was not admitted as showing the final consummated agreement between the parties, but as bearing upon the question of the arrangement between the parties, and we think was competent evidence.

It is admitted that the president impliedly promised the plaintiff to pay him one-sixth of the net profits of the operations of the defendant as part of his compensation, but it is claimed that, by reason of section 47 of the Revised Corporation act, neither the president nor the corporation itself could thus dispose of the profits. But this one-sixth proposed to be given to the plaintiff was salary—payment for services—and not part of the profits, but part of the expenses of the business, and if the corporation had permitted its president, by acquiescence or by receiving the benefit of the services for which this one-sixth was to pay, to make this arrangement, then the corporation was as much bound to pay this as to pay the fixed salary which they had agreed to. The profits referred to in section 47 were not ascertained until this expense of conducting the business had been paid.

There is no evidence to show that any contract was made with the plaintiff to purchase from the defendant the works when completed, and no foundation for recoupment for breach

·of such a contract exists, and no evidence whatever was introduced to show any damages from the breach of any such contract.'

We find no error in the admission of evidence and the submission of the case to the jury or in the instruction of the trial court.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, COLLINS, FORT, GARRETSON, PITNEY, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM. 14.

*For reversal*—None.